IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| SOPRAMCO CV9 CFL, LLC,<br><br>**Plaintiff**,<br><br>v.<br><br>RICHARD SANTOS RIVERA a/k/a RICARDO SANTOS RIVERA,<br><br>**Defendant.** | CIVIL NO. 09-1610 (FAB) |

**DEFAULT JUDGMENT**

Upon plaintiff's application for judgment, and it appearing from the record of this case that default was entered by the Clerk against the defendants for their failure to plead, file an answer to the complaint or otherwise appear, plaintiff is entitled to a judgment by default.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that defendants are hereby ordered to pay Plaintiff the following sums:

***Two Hundred Eighty Five Thousand Seven Hundred Twenty Five Thousand Dollars and Eighty Seven Cents ($285,725.87)*** in principal, plus accrued interest in the amount of ***Thirty Nine Thousand Eight Hundred Fourteen Dollars and Ten Cents ($39,814.10)*** as of July 10, 2009 which continue to accrue until full payment at the rate of **6.125%** *per annum* ($48.61 *per diem*) until full payment of the debt, plus $1,596.78 in late charges, plus $1,873.31 in escrow deficiency, plus any disbursements made by plaintiff on defendant's

Civil No. 09-1610 (FAB) 2
---

behalf in accordance with the mortgage deed, plus costs, and ten (10) percent attorney fees.

    1.   In default of the payment of the sums specified or of any part of them, within ten (10) days from the date of entry of this judgment, and upon verified evidence that the mortgage has been duly recorded is presented to the Court, the following mortgaged property, described in the Spanish language, shall be sold at public auction to the highest bidder, without an appraisal or right of redemption for the payment of plaintiffs' debt within the limits secured by the mortgage:

> "HORIZONTAL PROPERTY: Dwelling Unit number "A" dash One Hundred Thirty Seven (A-137), which is part of the horizontal property regime known as HACIENDAS DE PALMAS CONDOMINIUM, located at Candelero Abajo Ward, Municipality of Humacao, Puerto Rico. It is a three (3) bedroom, two (2) story dwelling unit with a total construction area of one thousand seven hundred fifty eight (1758) square feet, equivalent to one hundred sixty three point thirty eight (163.38) square meters. The maximum length of this Dwelling Unit is thirty-two feet six inches (32'6"), and its maximum width is twenty three feet six inches (23'6"). This Dwelling Unit number is "A" dash one hundred thirty seven (A-137), of Area "AB", located on the Southwest side of the project. Its boundaries are by the North, in a distance of thirty-two feet six inches (32'6") with Dwelling Unit "A" one hundred thirty five (A-135), by the South, in a distance of thirty two feet six inches (32'6") with a Dwelling Unit A-one hundred thirty eight (A-138), by the East, in a distance of twenty three feet six inches (23'6") with common area, and by the West, in a distance of twenty three feet six inches (23'6") with common area. It has an exterior foyer with a balcony, which leads into an interior foyer, which in turn leads to a powder room, the family room, kitchen, living room and dining room. The living room and dining room open into exterior balconies where the Owner of the Dwelling Unit has an area reserved and included as part of the Dwelling Unit, where at the

Civil No. 09-1610 (FAB)                                                         3
_____

    Owner's option and sole expense, there may be constructed an open terrace thereon, measuring ten feet (10') by twenty three feet (23') (inclusive of the area demarcated as "balcony"), upon obtaining the proper and corresponding authorizations from Developers or the regime.  The Surface area of this open terrace has been included as part of the "Total construction area" of the Dwelling Unit, and included to establish the percentage participation of the Common Elements of the dwelling unit within the CONDOMINIUM.  The additional length formed by this optional open terrace, is however not included within the "maximum length" of the dwelling unit described above.  On this ground floor, there is also a stairwell, which leads to a second floor, on to a landing or vestibule.  This upper floor contains a Master Bedroom with its dressing area, vanity and Master Bathroom and walk-in-closet, two (2) other bedrooms with their respective closets, one (1) other bathroom, and laundry-linen closet.  The two (2) other bedrooms have their respective exterior balconies.  This Dwelling Unit has its private use of one (1) parking space which is numbered with the same number as the Dwelling Unit.  This Dwelling Unit has a participation of one point one hundred forty-six percent (1.146%) in the common elements of the CONDOMINIUM.----------------------------------------

    Inscrita al folio 190 del tomo 469 de Humacao, Finca número 21,277 del Registro de la Propiedad de Puerto Rico, Sección de Humacao.------------------------------

    2.   A Special Master of the plaintiff's choosing is hereby designated and appointed to make the sale, but the Special Master shall not proceed to carry out the sale, or do anything in connection with it, until further order of the Court and under the form and conditions to be directed by the Court.

    3.   The sale to be made by the Special Master shall be subject to the confirmation of the Court, and the purchaser or purchasers of the property shall be entitled to receive possession of the property.  The minimum bid to be accepted at the first

Civil No. 09-1610 (FAB)                                                    4

_____

public sale in accordance with the mortgage deed is **Two Hundred Ninety Two Thousand Dollars ($292,000.00)**.

    4.    Any funds derived from the sale to be made in accordance with the terms of this judgment and such further orders of the Court shall be applied as follows:

        a.    To the payment of all proper expenses attendant upon the sale, including the expenses, outlays and compensation of the Special Master; after the Special Master's compensation and expenses shall have been fixed and approved by the Court, all those expenses shall be deducted from the sum provided in the deed of mortgage for costs, charges and disbursements, expenses and attorney's fees.

        b.    To the payment of all expenses or advances made by the plaintiff.

        c.    ***Two Hundred Eighty Five Thousand Seven Hundred Twenty Five Thousand Dollars and Eighty Seven Cents ($285,725.87)*** in principal, plus accrued interest in the amount of ***Thirty Nine Thousand Eight Hundred Fourteen Dollars and Ten Cents ($39,814.10)*** as of July 10, 2009 which continue to accrue until full payment at the rate of 6.125% *per annum* ($48.61 *per diem*) until full payment of the debt, plus $1,596.78 in late charges, plus $1,873.31 in escrow deficiency, plus any disbursements made by plaintiff on behalf of defendants in accordance with the mortgage deed, plus costs, and ten (10) percent attorney fees.

Civil No. 09-1610 (FAB)                                                          5

       d.   If after making all the above payments there shall be a surplus, it shall be delivered to the Clerk, subject to further order of the Court.

       e.   If after making all the above payments there is a deficiency, plaintiff may seek further orders of the Court to collect the deficiency from defendants.

5.   Plaintiff in these proceedings may apply to the Court for further orders as it may deem advisable to its interests, in accordance with the terms of this judgment.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, January 25, 2010.

                                         s/ Francisco A. Besosa
                                         FRANCISCO A. BESOSA
                                         UNITED STATES DISTRICT JUDGE